UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 6:05-cr-1176 |
| ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Sidney Portier Sherman, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## 18 U.S.C. § 3582(c)(2) Order for Sentence Reduction

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

## Background

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this

amendment became effective on March 3, 2008, this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

The defendant was last sentenced on October 11, 2006. Defendant's base offense level, pursuant to U.S.S.G. § 2D1.1, was a 24. Pursuant to U.S.S.G. § 2K2.1(b)(4), Defendant's offense level increased by 2 levels to 26. Then, pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the defendant's offense level was adjusted to a 33 because the defendant is a career criminal. As a career criminal, the defendant's guideline range was "not based on the quantity of drugs attributable to him, but rather on the maximum sentence for the offense of conviction." *United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006). Defendant's offense level was then reduced by 3 levels for acceptance of responsibility. Therefore, the Court found that the defendant's total offense level (30) and criminal history category (VI) called for a sentencing range of 180 to 210 months. Pursuant to a §5K1.1 motion for downward

departure, the Court departed downward and sentenced the defendant to 120 months imprisonment.

Defendant argues that, under § 3582(c)(2), this Court is authorized to reduce any sentence "based on" a retroactively amended guideline. Defendant recognizes that his sentence was enhanced by the career offender guideline, but he argues that he is entitled to a reduction nonetheless because all sentences for cocaine base violations are "based on" the cocaine base guidelines that have been amended.

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a previously imposed sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission." (emphasis added)  Here, the "based on" standard the defendant argues for does not comport with the applicable policy statements.

U.S.S.G. § 1B1.10(b)(1), the applicable policy statement in this case, states that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (C) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Supplement to 2007 Guidelines Manual (March 3, 2008).  The application note to this section further explains which cases qualify for a reduction under § 3582(c).

It states:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.  Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

Application Note 1(A), U.S.S.G. § 1B1.10.

This application note makes it clear that a reduction in the defendant's sentence is not consistent with U.S.S.G. § 1B1.10(b)(1) and, therefore, is not authorized by 28 U.S.C. § 3582(c).  Though Amendment 706 is applicable to the defendant, it does not have the effect of lowering the defendant's applicable guideline range because of the operation of the career criminal guideline in § 4B1.1(b).  Because a reduction in the defendant's sentence is not consistent with the applicable policy statement, this Court is not authorized to reduce the defendant's sentence pursuant to § 3582(c)(2).

### **Conclusion**

This Court is not authorized under § 3582(c)(2) to reduce the defendant's sentence because, in his case, the reduction is not consistent with the applicable policy statements; therefore, the defendant's motion is DENIED.

IT IS THEREFORE SO ORDERED THAT the defendant's motion be DENIED.

**IT IS SO ORDERED**.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   3  , 2008

### **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**